Edward J. Fanning, Jr.
Daniel T. Paxton
Ryan M. Savercool
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
efanning@mccarter.com
dpaxton@mccarter.com
rsavercool@mcccarter.com
*Attorneys for Defendants,*
*U-Haul International, Inc., U-Haul Co. of New Jersey, d/b/a U-Haul Moving and Storage of Howell, and U-Haul Co. of Georgia, d/b/a U-Haul Storage of Savannah*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL FUREY, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U-HAUL INTERNATIONAL; U-HAUL MOVING AND STORAGE OF HOWELL; U-HAUL STORAGE OF SAVANNAH; ABC DOES 1-10 (Fictitious Entities); and JANE DOE,<br><br>Defendants. | Civil Action No. _____<br>The Honorable _____<br><br>**DEFENDANTS U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF NEW JERSEY, D/B/A U-HAUL MOVING AND STORAGE OF HOWELL, AND U-HAUL CO. OF GEORGIA, D/B/A U-HAUL STORAGE OF SAVANNAH'S NOTICE OF REMOVAL** |

**TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants U-Haul International, Inc., U-Haul Co. of New Jersey, d/b/a U-Haul Moving and Storage of Howell, and U-Haul

Co. of Georgia, d/b/a U-Haul Storage of Savannah (collectively, "U-Haul") hereby remove to this Court the state-court action described herein.

Plaintiff's action is removable on the basis of Federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this case is pleaded as a "class action" and CAFA's diversity-of-citizenship and amount-in-controversy requirements are met.

A defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (noting that "§ 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure"). U-Haul states the following grounds for removal:

**I.  Procedural History and Plaintiff's Allegations**

1. Plaintiff filed the within action, captioned *Furey, v. U-Haul International*, Docket No. OCN-L-000538-22, as a putative class action in the Superior Court of New Jersey, Law Division, Ocean County, on March 10, 2022.

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§1332, 1441, and 1453. By virtue of the provisions of 28 U.S.C. §1441(a), this entire case is one that may be removed to this Court.

3. Plaintiff Michael Furey ("Plaintiff") claims that he is a resident of the State of New Jersey. (Complaint ("Compl.") ¶ 2). Plaintiff also alleges that he is moving or has moved to Savannah, Georgia. (Compl. ¶¶ 12, 14).

4. Defendant U-Haul International, Inc. is a corporation organized under the laws of the State of Arizona, with its principal place of business located at 2727 North Central Avenue, Phoenix, Arizona. (Compl. ¶ 3).

5. Defendant U-Haul Co. of New Jersey, d/b/a U-Haul Moving and Storage of Howell, is a corporation organized under the laws of the State of New Jersey, with a place of business located at 1429 US 9, Howell, New Jersey. (Compl. ¶ 4).

6. Defendant U-Haul Co. of Georgia, d/b/a U-Haul Storage of Savannah, is a corporation organized under the laws of the State of Georgia, with a place of business located at 3488 Ogeechee Road, Savannah, Georgia. (Compl. ¶ 5).

7. Plaintiff's Class Action Complaint (the "Class Action Complaint") baselessly alleges that U-Haul violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("CFA"), and the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 *et seq.* ("TCCWNA"). (Compl. ¶ 1). In addition, Plaintiff asserts causes of action for breach of warranty and intentional fraud. (*See, e.g.*, Compl. ¶¶ 93, 100).

8. Specifically, Plaintiff alleges that he contracted with U-Haul

> to rent and have Defendants deliver six (6) empty U-boxes to his home in New Jersey for a period beginning on or about August 14, 2021, which Plaintiff would load with his belongings, have Defendants then pick up and store the six (6) U-boxes . . . in Defendants' warehouse; and ship the six (6) U-boxes to Defendants' facility in Savannah, Georgia, nearly eight (8) months later on or about March 31, 2022, at which time Plaintiff would schedule final delivery of the U-boxes to his new home.

(Compl. ¶ 14).

9. Plaintiff alleges that he accepted the price of $4,943.05 provided to him, admittedly as a subtotal, for U-Haul's services. (Compl. ¶ 17). Plaintiff claims that he was subsequently informed by U-Haul that he would be required to "pay an additional $118.95 per U-HAUL U-box, for a total of six (6) boxes totaling $713.70 per month, for Defendants to continue fulfilling the contract." (Compl. ¶ 30). According to Plaintiff, he paid "approximately $4,282.20 more than the price he [claims] he was informed was the full price for the goods, rentals, and services he contracted for." (Compl. ¶ 46).

## II. Grounds for Removal

10. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§1332, 1441, and 1453. By virtue of the provisions of 28 U.S.C. §1441(a), this entire case is one that may be removed to this Court.

11. Under 28 U.S.C. §1332(d)(2), "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum

or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant."

12. Pursuant to 28 U.S.C. §1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

13. According to 28 U.S.C. §1453(b), "[a] class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."

14. In addition to the matters set forth herein, U-Haul relies on the Affidavit of Brett Walker, submitted herewith, in support of this Notice of Removal. A true and accurate copy of the Affidavit of Brett Walker is attached hereto as **Exhibit A**.

15. U-Haul removed this action within thirty days of service of the Complaint on Defendant U-Haul International, Inc., on March 15, 2022, and upon completing its independent investigation of the grounds for removal under CAFA.

A true and accurate copy of all pleadings, process, and orders filed in state court is attached hereto as **Exhibit B.**

## III.   The Requirements for Removal Have Been Satisfied.

### A. The Amount in Controversy Exceeds $5 Million and the Class Exceeds 100 Putative Members

16. In Count I of Plaintiff's Class Action Complaint, which claims that U-Haul has violated the CFA, Plaintiff seeks the following damages for himself "and all others similarly situated": (a) actual damages; (b) attorney's fees and costs; (c) treble damages; (d) a refund of the full price paid by Plaintiff for all U-Haul services and materials purchased; and (e) expert fees and disbursements. (Compl. ¶¶ 47-69).

17. In Count II of the Class Action Complaint, Plaintiff seeks damages "on behalf of himself and all others similarly situated" for alleged violations of TCCWNA as follows: (a) "a civil penalty from all Defendants in the amount of $500.00 for each and every violation of TCCWNA encompassed in this Count with respect to each and every purchase" of the U-Haul services; (b) attorney's fees and court costs; (c) actual and punitive damages; and (d) "a civil penalty of one hundred dollars ($100.00) to be paid to the Plaintiff and each member of the putative Class and Subclass for each and every individual violation of the TCCWNA." (Compl. ¶¶ 70-82).

18. A preliminary, good faith search of U-Haul's records indicates that there were 14,419 contracts for the rental of a U-Box® container or containers in

New Jersey between March 10, 2016 and March 10, 2022. (*See* Ex. B: Affidavit of Brett Walker, at ¶ 12).

19. The amount-in-controversy exceeds $5,000,000 based on Plaintiff's demand for a $500 statutory penalty "for each and every violation of TCCWNA encompassed in this Count with respect to each and every purchase" of U-Haul's U-Box® services during the applicable statute of limitations period, in addition to Plaintiff's demand for treble damages under the CFA associated with the allegedly undisclosed monthly rental fee of $118.95, attorneys' fees, and a refund, among other relief available under the TCCWNA and common law.

20. A preliminary, good faith search of U-Haul's records indicates Plaintiff's undefined class consists of more than 100 members based on the number of U-Box® transactions occurring in New Jersey during the applicable limitations period.

### B. CAFA's Minimal Diversity Requirement is Also Satisfied

21. Plaintiff is a resident of New Jersey and/or Georgia. Defendant U-Haul International, Inc. is a corporation organized under the laws of the State of Arizona.

**IV.** **All Other Removal Requirements and Satisfied**

22. Venue is proper in this Court because the Superior Court of New Jersey, County of Ocean is a state court found within the District of New Jersey.

23. Concurrent with the filing of this Notice, U-Haul is giving written notice of this removal to Plaintiff's counsel of record and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Ocean County.

24. By removing this action from the Superior Court of New Jersey, U-Haul does not waive any defenses available to it and does not admit any of the allegations in Plaintiff's Class Action Complaint.

**WHEREFORE**, Defendants remove the above-captioned action from the Superior Court of New Jersey to the United States District Court for the District of New Jersey.

Respectfully submitted,

**MCCARTER & ENGLISH, LLP**
*Attorneys for Defendants U-Haul International, Inc., U-Haul Co. of New Jersey, d/b/a U-Haul Moving and Storage of Howell, and U-Haul Co. of Georgia, d/b/a U-Haul Storage of Savannah*

By: /s/ *Edward J. Fanning, Jr.*
Edward J. Fanning, Jr., Esq.