# **Exhibit B**

**HAMMERMAN ROSEN LLP**
Marvin J. Hammerman, Esq. [N.J. Attorney ID #065462014]
Louis S. Raveson, Esq. [N.J. Attorney ID #024821976]
585 US 46 West
Fairfield, NJ 07004
Tel. (973) 227-1415
Fax. (201) 781-5682
*Attorneys for Plaintiffs*

| | |
|---|---|
| **MICHAEL FUREY,**<br><br>**on behalf of himself and all others similarly situated,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**U-HAUL INTERNATIONAL; U-HAUL MOVING AND STORAGE OF HOWELL; U-HAUL STORAGE OF SAVANNAH; ABC DOES 1-10 (Fictitious Entities); and JANE DOE,**<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CIVIL PART<br>OCEAN COUNTY<br>DOCKET NO.:<br><br><br>CIVIL ACTION<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff, Michael Furey, a New Jersey resident, by way of Complaint against Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, and ABC DOES 1-10, alleges upon knowledge with respect to himself and his own acts, and upon information and belief based, in part, on the investigation of counsel, as follows:

### PRELIMINARY STATEMENT

1.      This putative consumer fraud action charges Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE, (collectively referred to as "UHAUL" or "Defendants") *inter alia*, with intentional breach of contract; and deceptive practices, including

material misrepresentations, intentional omissions, bait and switch pricing, deceptive billing and over-billing expressed on the websites, information pages, notices, contracts, bills and receipts of their moving and storage rental businesses in violation of the New Jersey Consumer Fraud Act (hereafter "CFA"), the Truth-in-Consumer Contract, Warranty and Notice Act (hereafter "TCCWNA"), and the regulations promulgated pursuant to both statutory schemes. Plaintiff charges Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL and U-HAUL STORAGE OF SAVANNAH with displaying and promoting UHAUL's deceptive practices described herein and in the course of their businesses, in violation of the CFA and the TCCWNA.

**PARTIES**

2. At all times relevant hereto, Plaintiff Michael Furey was an adult and a resident of the town of Manahawkin, County of Ocean, and State of New Jersey.

3. Defendant U-HAUL INTERNATIONAL (hereafter "U-HAUL INTERNATIONAL") is, on information and belief, a corporation formed under the laws of the State of Arizona, engaged in business as a manufacturer and seller of moving equipment and storage rentals, with a principal place of business located at 2727 North Central Avenue, Phoenix, Arizona 85004.

4. Defendant U-HAUL MOVING AND STORAGE OF HOWELL (hereafter "U-HAUL HOWELL") is, on information and belief, a corporation, subsidiary or other business entity wholly owned by Defendant U-HAUL INTERNATIONAL and formed under the laws of the State of New Jersey, engaged in business as a manufacturer and seller of moving equipment and storage rentals, with a principal place of business located at 1429 US 9, Howell, New Jersey 07731.

5. Defendant U-HAUL STORAGE OF SAVANNAH (hereafter "U-HAUL

2

SAVANNAH") is, on information and belief, a corporation, subsidiary or other business entity wholly owned by Defendant U-HAUL INTERNATIONAL and formed under the laws of the State of New Jersey, engaged in business as a manufacturer and seller of moving equipment and storage rentals, with a principal place of business located at 3488 Ogeechee Road, Savannah, Georgia 31405.

6.      At all times material to this action, all Defendants were acting directly and/or through their agents, servants, workmen, employees, and representatives who were acting within the scope of their employment for and on behalf of the businesses of Defendants and under Defendants' control or right to control.

7.      At all times material to this action, all Defendants were engaged in the business of designing, manufacturing, selling, distributing, advertising, promoting, and/or marketing moving equipment and storage rentals.

## JURISDICTION AND VENUE

8.      All claims in this matter arise under the New Jersey Consumer Fraud Act and the TCCWNA, as well as pursuant to causes of action for breach of contract, common law fraud, and other causes of action. This matter is properly venued in Ocean County, in that the named Plaintiff resides in Ocean County and Defendants' offers to provide products, equipment and services  and services, read and purchased by the named Plaintiff were intended by Defendants to be seen, read, and purchased, *inter alia*, by consumers in Ocean County; and Defendants' equipment and services of the UHAUL products and services purchased by the putative Class and Subclass members were intended by Defendants to be seen, read, and purchased, by the putative Class and Subclass members  *inter alia*, by consumers in the state of New Jersey, and were in fact seen and read by Plaintiff in this matter..

3

**FACTUAL BACKGROUND**

9.      On or about August 14, of 2021, Plaintiff Michael Furey (hereinafter referred to as "Plaintiff") was searching online to purchase and/or rent moving and storage services and equipment, and reviewed Defendant U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE's website.

10.     U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE manufactures, sells, distributes, advertises, promotes, and/or markets moving equipment and storage rentals directly to consumers such as Plaintiff who wish to purchase such products.

11.     Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE market and sell several services and products of Defendants to customers such as Plaintiff who wish to purchase products and utilize their services, such as rental equipment, moving services, and U-BOXES

12.     Interested in possibly hiring Defendants, and renting and/or purchasing their products, to help him move from New Jersey to Savannah, Georgia, on that same day, August 14, 2021, Plaintiff called what he understood to be Defendant U-HAUL's customer service number and spoke to Defendant Jane Doe, an employee of Defendant U-HAUL.

13.     Plaintiff informed Defendant Jane Doe of the services and products that Plaintiff was interested in purchasing or renting and Defendant Jane Doe immediately created a contract or quote on the computer that listed all of these services and products and stated the price for each.

14.     In that conversation, Plaintiff explained to Defendant Jane Doe that he wished to

4

rent and have Defendants deliver six (6) empty U-boxes to his home in New Jersey for a period beginning on or about August 14, 2021, which Plaintiff would load with his belongings, have Defendants then pick up and store the six (6) U-boxes, fully loaded with Plaintiff's belongings, in Defendants' warehouse; and then ship the six (6) U-boxes to Defendants' facility in Savannah, Georgia, nearly eight (8) months later on or about March 31, 2022, at which time Plaintiff would schedule final delivery of the U-boxes to his new home.

15.    Plaintiff explicitly informed Defendant Jane Doe that he would need the U-boxes for a period of approximately eight (8) months.

16.    Pursuant to these directions, Defendant Jane Doe typed an agreement or contract that purported to include all of the services and rentals referred to in the immediately preceding paragraph, along with insurance coverage on the six (6) U-boxes, and she texted a link to Plaintiff's telephone for Plaintiff to access the agreement.

17.    That agreement represented that the "Subtotal" for these rentals, services, and insurance came to $4,943.05.

18.    Several lines below that representation, the document stated in a four-point or smaller type face, and in substantially fainter emphasis, that the "Subtotal" "did not include sales tax or shipping unless otherwise noted."

19.    One point is equivalent to $1/72^{nd}$ of an inch. Therefore, four (4) points equal $4/72^{nd}$ of an inch, or $1/18^{th}$ of an inch. New Jersey Courts, for example, do not even accept papers written in a font of less than twelve (12) points, three times as large as this hidden sales tax disclosure.

20.    In contrast, the "Subtotal" price on the contract or agreement was in bold type face and twice as large as the sales tax disclosure.

21.    In response to receiving this contract or agreement, Plaintiff informed Defendant

Jane Doe that he accepted the price of $4,943.05 represented therein for the services and rentals he had requested, and which were set forth in the original contract or agreement Defendant Jane Doe had texted to him, and Defendant Jane Doe confirmed that that was the correct price.

22.     Defendant Jane Doe immediately required Plaintiff to make a payment of $851.68, apparently relating to Plaintiff's rental of the U-boxes, which Plaintiff paid by credit card at that time.

23.     Plaintiff then made an automated payment on September 8, 2021 in the amount of $119.37.

24.     Defendant Jane Doe then emailed Plaintiff a document titled "U-Haul Receipt," which purported to list the rentals, services, and prices Defendants had previously offered and Plaintiff had accepted.

25.     However, there were discrepancies in a number of these particulars.  For example, the price included, for the first time, rental tax.

26.     Said U-Haul receipt, attached hereto as **Exhibit A**, depicted a complex grid of prices and payments, some of which was written in faint type between four (4) and five (5) points, which were difficult to read and decipher, and extremely difficult to square with the original contract or agreement that Defendant Jane Doe had provided to Plaintiff.

27.     Then, on or about September 19, 2021, Defendants required Plaintiff to pay the additional $3,972 for Defendants to deliver the U-Boxes to Savannah, slightly more than the $3,960 stated in the original contract or agreement; Plaintiff again made that payment immediately by credit card; and again, Defendants emailed Plaintiff a receipt.

28.     At this point, Plaintiff had paid Defendants a total of $4,931.05 on the contract, which he expected, and was explicitly told, was the full price of the Contract between the parties.

29.     Subsequently, Defendants required Plaintiff to make further payments to continue with the contract in order to store the U-boxes.

30.     Therefore, on or about, September 8, 2021, Defendants required that Plaintiff pay an additional $118.95 per U-HAUL U-box, for a total of six (6) boxes totaling $713.70 per month, for Defendants to continue fulfilling the contract or agreement; and Plaintiff made that payment immediately by credit card, and Defendants emailed him receipts for that transaction. See **Exhibit B**, attached hereto.

31.     Thereafter, John Doe 2, to whom Plaintiff was speaking when making the $3,972 credit card payment, insisted that Plaintiff would continue to owe more money than that because, according to John Doe 2, Plaintiff had only been charged so far for the first two moths' rental of the U-Boxes, but Plaintiff had originally informed Defendants at the time he accepted the Contract that he required the boxes for at least another six (6) months.

32.     Plaintiff replied that Defendant Jane Doe 1, had orally told him that the full price, which was represented on the original contract, was indeed the full price Plaintiff would have to pay for all the services and rentals included in the contract, including the full rental of the boxes for the time Plaintiff had indicated.

33.     Defendant John Doe 2 admitted that Defendant Jane Doe 2 had made a mistake in telling Plaintiff and sending him the Contract offering a full and final price of $4,943, and representing that that was the full and final price, when she knew, but Plaintiff did not know, that, according to the Defendants, the price stated in the contract only covered two (2) months' rental of the U-Boxes despite her knowing that Plaintiff needed the boxes for a longer period of time.

34.     Indeed, Defendant John Doe 2 admitted to Plaintiff that Defendants had fired Defendant Jane Doe 1 because she had made such significant misrepresentations to Plaintiff both

7

orally and in the Contract itself.

35.     Despite Defendant John Doe 2's admission of the wrongfulness of Defendant Jane Doe 1's misrepresentations, he insisted that Plaintiff was responsible for paying more than the original contract called for, and threatened that Defendants would not deliver the U-Boxes unless Plaintiff continued to make payments totaling more than the final price in the contract.

36.     Eventually, in the course of that conversation, Defendant John Doe 2 said that he would subtract one month's rent from the additional U-box rental fees they were charging, but that Plaintiff would have to continue paying additional fees each month for the of the seven-month rental Plaintiff had originally informed Defendant Jane Doe that he required for his move to Savannah.

37.     In that conversation, Plaintiff was explicit that he was not agreeing to settle this dispute about the additional charges Defendants were imposing simply because Defendants were subtracting one month's over-payment from the improper charges Defendants were now coercing him to pay.

38.     As a result of Defendants' coercive and unconscionable tactics, Plaintiff continued to pay Defendants more that the amount originally agreed upon in the contract.

39.     In total, Plaintiff has been wrongfully forced by Defendants more than the Contract between the parties calls for, in order for Defendants to fulfill their responsibilities under the Contract between them.

40.     On information and belief, Defendants' misrepresentation of the full price in the original Contract presented to Plaintiff, as explained above, was knowing and deliberate.

41.     Defendants' failure to clearly state what Defendants considered to be the full price of the Contract in their written and oral discussions with, and representations and receipts to,

8

Plaintiff constituted an intentional and deliberate effort to mislead and deceive Plaintiff into believing that the price Defendants had quoted to him in their initial transaction was the full price he would have to pay for all of the services and rentals he had stated that he wanted, and which he bargained for.

42.    In fact, Defendants' intentional failure by omission to clearly state what Defendants considered to be the full price of the Contract in their written and oral discussion with, and representations and receipts to, Plaintiff did deceive and mislead Plaintiff into believing that the price Defendants had quoted to him in their initial transaction was the full price he would have to pay for all of the services and rentals he had stated that he wanted, and which he bargained for in good faith.

43.    The deceptive misrepresentations about the pricing of Defendants' rentals and services were material to the purchase of said rentals and services by Plaintiff.

44.    Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE, by marketing, promoting, displaying and/or selling Defendant U-HAUL's UHAUL services, rentals, materials, and prices adopted the misrepresentations, deceptions, and false statements and pretenses, and intentional omissions appearing on the Contract and stated orally by Defendant Jane Doe 1.

45.    As a result, and unbeknownst to them because of the above-described misrepresentations and intentional omissions and hidden information, Plaintiff reasonably believed that the Contract price indicated in the initial Contract given to him by Defendants was the final price for all rentals, services, and insurance that Defendant had expressed that he wanted, and had bargained for in good faith.

9

46.     As a result of Defendants' wrongful conduct describe above, Plaintiff has been coerced into paying approximately $4,282.20 more than the price he was informed was the full price for the goods, rentals, and services he contracted for in good faith.

## COUNT I
### Violations of the New Jersey Consumer Fraud Act *N.J.S.A.* 56:8-1 *et seq.*

47.     Plaintiff repeats and realleges all preceding paragraphs of this complaint as if set forth at length herein.

48.     Plaintiff is a "person" as defined by N.J.S.A. 56:8-1(d).

49.     Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE are "sellers" as defined by the CFA, N.J.S.A. 56:8-1, et seq.

50.     The U-HAUL services, rentals, and materials that Plaintiff purchased constitutes "merchandise" within the meaning of the CFA.

51.     The sale of the U-HAUL services, rentals, and materials to Plaintiff were consumer "sales" as defined by N.J.S.A. 56:8-1(e).

52.     The above-described contract or agreement prepared by Defendant Jane Doe 1 and present by her to Plaintiff also constitutes an offer or "advertisement" as defined by N.J.A.C. 13:45A-9.1 *et seq.* and NJAC 13:44D-1.1.

53.     Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE, are "advertisers" as defined by N.J.A.C. 13:45A-9.1 *et seq,* . and NJAC 13:44D-1.1.

54.     Accordingly, under the facts alleged in this Complaint, Plaintiff is a consumer entitled to the protection and remedies provided for by N.J.S.A. 56:8-1, *et seq,* and the regulations

promulgated thereunder.

55.    The statements contained on the U-HAUL services and materials' website, the Contract or Agreement provided to Plaintiff by Defendant Jane Doe 1, and the receipts provided to Plaintiff by Defendant Jane Doe 1 and other John Doe Defendants employed by Defendants constitute a written warranty to consumers that each purchase of the services, rentals, and materials contains no additional added fees or rates than those already listed.

56.    In fact, as described in greater detail above, the actual billing, invoices, receipts, added fees and rates are all substantially greater than represented, advertised, and warranted on the original billing statement, Contract or Agreement setting for the prices for the UHAUL services and materials purchased by Plaintiff

57.    Defendant U-HAUL'S misrepresentations and/or false or obscured statements and false pretenses are deliberate, knowing and intentional breach of warranty; and Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE's deceptive display and sales of the UHAUL services, rentals, and materials in the course of its business, and all Defendants' point-of-purchase marketing, concerning the prices of the U-HAUL services, rentals, and materials as described more fully herein constitute false, deceptive, misleading, and unconscionable misrepresentations and/or practices, and/or the unconscionable knowing concealment, suppression, or omission of material facts, all with the intent that consumers such as Plaintiff rely upon such misrepresentations, misleading statements and advertising, false pretenses, and concealment, suppression or omission, in connection with the advertisement and sale of the U-HAUL services, rentals and materials, which practices are unlawful and in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, and the regulations promulgated thereunder,

without regard to whether or not the Plaintiff has actually been misled, deceived, or damaged thereby.

58.     Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE's knowing and intentional misrepresentations and/or misleading statements, and false pretenses, and intentional omissions, both over the phone, or on its website, of its UHAUL services and materials concerning the billing information of the UHAUL services and materials, and breach of express warranty that the purchase of the use of services and materials offered (the entire package) contained no added or additional fees and rates; and Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE's deceptive display and sales of the U-HAUL services, rentals, and materials in the course of its business, were made or perpetrated with the deliberate intent that Plaintiff would rely upon such misrepresentations and conduct to mistakenly believe that the false information stated in the nutrition information panel was true.

59.     There are no honest and truthful disclosures of the number and amount owed of the added fees and rates depicted anywhere on the website or original Contract, or billing statement of the U-HAUL services, rentals and materials, and Plaintiff did not know, and could not have known, at the time of his purchases of the services, rentals and materials, that Defendants were charging more for the services, rentals and materials contained substantially higher additional fees and rates than misrepresented, warrantied, and deliberately omitted or obscured, on the website, Contract and original billing statemen or receipt.

60.     These circumstances constituted a bait-and-switch plan, which violates the New Jersey Consumer Fraud Act.

61.    The above described terms, statements, misrepresentations, false express and implied warranties, and intentional omissions, about said material information by Defendants constitute violations by Defendants of *N.J.A.C.* 13:45A-9.2(a)(5), *N.J.A.C.* 13:45A-9.2(a)(9), NJAC and the CFA 13:44D seq., N.J.S.A. 56:8-2 *et seq.,* and *N.J.S.A.* 24:5-1, *et seq.*; 24:5-8 C; 24:5-16; and 24:5-17(a); and  were material, and/or may be presumed to have been material, to the purchases of the U-HAUL services, rentals and materials by Plaintiff, and had the capacity to mislead and/or deceive the average consumer, including Plaintiff, into believing that the stated total price on the Contract, Agreement, Offer, or Advertisement of the services, rentals, and materials constituted the actual full price for all of the services, rentals and materials requested by Plaintiff and contracted for my him.

62.    In addition, the wrongful conduct of Defendants set forth in greater detail above also constitutes violations of regulations promulgated pursuant to the New Jersey CFA, including without limitation

63.    The above described misrepresentations, or false or misleading pretenses and/or representations, intentional omissions, false express and implied warranties, and obfuscation of material terms of the Contract by Defendants were made with the intent that they be communicated to potential and actual purchasers of Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE's services, rentals, and materials, including Plaintiff, for the purpose of deceiving them into believing incorrectly that they were being charged less than the actual charges Defendants were intending to charge. Inducing Plaintiff to rely upon, or be influenced by, and/or have no reason to, question the veracity of, said misrepresentations, omissions, and express and implied warranties, in purchasing the U-HAUL services, rentals and materials.

13

64.     Plaintiff received objectively more added fees and rates for the U-HAUL materials, rentals and services than represented and warranted on Defendants' website and in the Contract and original billing statement, and reasonably expected in view of the false statements, omissions, and misrepresentations made thereon.

65.     As a result of Defendants' violations of the Consumer Fraud Act, the Plaintiff suffered a quantifiable and ascertainable loss, as described more fully above, and capable of being calculated with a reasonable degree of certainty, as measured by the additional fees Defendants coerced from Plaintiff under threat of not completing Defendants' obligations under the Contract, which Plaintiff had bargained for in good faith.

66.     Therefore, Plaintiff is entitled to the return of all such additional payments and fees, pursuant to the CFA, *N.J.S.A.* 56:8-2.12.

67.     Plaintiff brings the action encompassed in this Count pursuant, *inter alia*, to N.J.S.A. 56:8-19, and in accordance therewith, seeks statutory treble damages, reasonable attorney's fees, and court costs.

68.     As a result of the Defendants' continued marketing and sales of the U-HAUL services, rentals and materials described above, other consumers of Defendants' services, rentals, and materials are likely to suffer additional ascertainable losses in the future resulting from their failure and inability to discern the false and/or misleading nature of the website, contracts, and billing statements, unless the above-described improper conduct of the Defendants is enjoined.

69.     As set forth in the certification annexed to this pleading, Plaintiff has complied with the requirements of N.J.S.A. 56:8-20, *et seq.* by mailing a copy of the instant Complaint in this matter to the Attorney General of the State of New Jersey, and to the Ocean County Office of Consumer Affairs.

**WHEREFORE**, Plaintiff demands judgment for himself and all others similarly situated against the Defendants as follows:

a.  For a declaratory judgment that Defendants violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, and the regulations promulgated thereunder;

b.  For actual damages, including but not limited to the additional fees that Defendants coerced Plaintiff to pay in order to receive the services, rentals, and   materials set forth in the Contract and billing statements; and the amount of the attorney's fees and costs reasonably necessary to prosecute the instant action;

c.  For treble damages, pursuant to the CFA, N.J.S.A. 56:8-19;

d.  For a refund, pursuant to the CFA, *N.J.S.A.* 56:8-2.11, of the full price, including sales tax, paid by Plaintiff for all of the U-HAUL services and materials they purchased;

e.  For reasonable attorney's fees and costs necessary to prosecute the instant action, including expert fees and disbursements, pursuant to the CFA, N.J.S.A. 56:8-19, and all other applicable Court Rules, statutes, and case law;

f.  For pre-judgment and post-judgment interest;

g.  For such other and further relief as the Court deems equitable and just, including without limitation, punitive damages.

## COUNT II
### Violations of the New Jersey Truth-in-Consumer Contract, Warranty, and Notice Act *N.J.S.A.* 56:12-14 *et seq.*

70.  Plaintiff on behalf of himself and all others similarly situated repeats and realleges all preceding paragraphs of this Complaint as if set forth at length herein.

71.  Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE are

15

"sellers" as defined by the TCCWNA, N.J.S.A. 56:12-14 et seq.

72.    Plaintiffs are "consumers" as defined by N.J.S.A. 56:12-15.

73.    The purchases of all the U-HAUL services, rentals and materials by Plaintiff, as more fully described above, were principally for personal, family or household purposes, and therefore, all transactions or contracts offered by Defendants and/or entered into by Plaintiff relating to said U-HAUL services, rentals and materials constituted consumer contracts subject to the provisions and protections of the TCCWNA.

74.    Defendants' website, communications with Plaintiff, and original billing statement, containing the above-described false statements and the display and sale of; the UHAUL services, rentals and materials purchased by Plaintiff, as more fully described above, constitute an offer of contract, or consumer contract, or display of a written consumer warranty, notice, or sign pursuant to the TCCWNA, N.J.S.A. 56:12-14 et seq.

75.    The statements of added rates and fees on the website and/or original billing statement of the UHAUL services and materials constitute written warranties to consumers pursuant to the TCCWNA, N.J.S.A. 56:12-14 et seq.

76.    The Defendants have engaged in a pattern and practice of conduct, and multiple individual instances of conduct, in violation of the TCCWNA at N.J.S.A. 56:12-15 by making the above described written offers to sell merchandise to Plaintiff and/or displaying to them in the course of their business, false written advertisements, statements, notices, warranties, and/or signs, and/or entering into sales and consumer contracts with Plaintiff, all of which included intentionally false statements, terms, and/or provisions, which at the time such offers, warranties, notices, signs, sales, and contracts were offered, displayed, or entered into in the course of Defendants' business, violated legal rights of the Plaintiff, as well as legal responsibilities of Defendants, that had been

16

clearly established by New Jersey law.

77.     Defendant U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE's misrepresentations, misleading statements, and false pretenses, and intentionally false or deceptive warranties, as described more fully above, on its website and original billing statement; and its knowing and intentional breach of said warranties under such circumstances; and Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE's deceptive or misleading display and sales of the U-HAUL services and materials in the course of their business; and all Defendants' deceptive point-of-purchase marketing, and intentional breach of warranties concerning the true cost of the U-HAUL services, rentals and materials they were providing, as described more fully herein constitute false, deceptive, misleading, and unconscionable practices in violation of the New Jersey TCCWNA, and the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-1 *et seq.*, *N.J.S.A* 56:8-2, and the regulations promulgated thereunder, including, without limitation, *N.J.A.C.* 13:45A-9.2(a)(9).

78.     Based upon Defendant U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOEs false and deceptive website and/or original billing statement, and Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOE's point-of-purchase marketing practices, display, signs, notices, and representations, Plaintiff observed, and read, and further, may be presumed to have seen or observed, and/or read, the website or original billing page of Defendants' U-HAUL services and materials depicting the misrepresentations and obfuscations about the

17

added rates and fees of the services, rental, and materials prior to their purchase of said products, and reasonably believed, or may be presumed to have reasonably believed that the added rates and fees of the services and materials would actually conform to the false representations and warranties depicted on the website and original billing statement.

79.   Accordingly, under the facts alleged in this Complaint, Plaintiff and each member of the putative Class and Subclass are consumers entitled to the protection and remedies provided for by the TCCWNA at N.J.S.A. 56:12-14, *et seq.*

80.   As a direct and proximate result of Defendants' violations of the TCCWNA, and the purchase of UHAUL services, rentals and materials by Plaintiff, Plaintiff is an aggrieved consumers within the meaning of N.J.S.A. 56:12-17 who has suffered a quantifiable pecuniary loss as more fully described above and capable of being calculated with a reasonable degree of certainty as measured  by the fraudulent additional fees charged by Defendants at threat of not providing the services, rentals and materials advertised and promised by Defendants on the website and in the Contract and billing statements, as described more fully above; or by the lost benefit of their bargain with Defendants to purchase products and services that were consistent with Defendants' false advertisements, Contract and billing statement and warrantied to charge far less rates and fees than the amounts of each actually charged and collected through the coercive efforts of Defendants, as described more fully above.  contained in the services and materials they purchased.

81.   As a direct and proximate result of Defendants' violations of the TCCWNA, Plaintiff has suffered a loss capable of being calculated with a reasonable degree of certainty in the amount of the attorney's fees and court costs necessary to prosecute the instant action.

82.   Plaintiff brings the action encompassed in this Count pursuant, *inter alia*, to

N.J.S.A. 56:12-17, and in accordance therewith, seeks a civil penalty from all Defendants in the amount of $500.00 for each and every violation of the TCCWNA encompassed in this Count with respect to each and every purchase of the UHAUL services, rentals by Plaintiff, along with reasonable attorney's fees; and court costs.

**WHEREFORE**, Plaintiff demands judgment for himself and all others similarly situated against the Defendants as follows:

a. For a declaratory judgment that Defendants violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, and the New Jersey TCCWNA and the regulations promulgated thereunder.

b. For actual damages, including but not limited to the additional fees that Defendants coerced Plaintiff to pay in order to receive the services, rentals, and   materials set forth in the Contract and billing statements; and the amount of the attorney's fees and costs reasonably necessary to prosecute the instant action;

c. For reasonable attorney's fees and costs necessary to prosecute the instant action, including expert fees and disbursements, pursuant to the CFA, N.J.S.A. 56:8-19, and all other applicable Court Rules, statutes, and case law;

d. For pre-judgment and post-judgment interest;

e. For such other and further relief as the Court deems equitable and just, including without limitation, punitive damages.

f. For injunctive relief requiring that all statements of Defendants concerning services, rentals, and materials offered for sale be accurate, and prohibiting future violations of the TCCWNA;

g. For a civil penalty of one hundred dollars ($100.00) to be paid to the Plaintiff and

19

each member of the putative Class and Subclass for each and every individual violation of the TCCWNA encompassed in the instant Complaint, with respect to each and every purchase of the FSNC Product by Class and Subclass members within the class period, pursuant to N.J.S.A. 56:12-17;

h.  For reasonable attorney's fees and costs, including expert fees, necessary to prosecute the instant action pursuant to the TCCWNA, N.J.S.A. 56:12-17, and all other applicable Court Rules, statutes, and case law;

i.  For pre-judgment and post-judgment interest; and

j.  For such other and further relief as the Court deems equitable and just, including without limitation, punitive damages.

### COUNT III
**Breach of Warranty**
**(Against Defendant U-HAUL INTERNATIONAL Only)**

83.    Plaintiff realleges all preceding paragraphs of this Complaint as if set forth at length herein.

84.    The above-described U-HAUL services, rentals and materials purchased by Plaintiff constitute "goods" as defined by New Jersey's version of the Uniform Commercial Code (hereafter the "N.J. UCC"), N.J.S.A. 12A:2–101 *et. seq.,* N.J.S.A. 12A:2–105(1).

85.    The above-described purchases of the U-HAUL services, rentals and materials by Plaintiff constitute "sales" as defined by the N.J. UCC, N.J.S.A. 12A:2–101 *et. seq.,* N.J.S.A. 12A:2-106(1).

86.    Through the representations and marketing practices alleged above, Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOEs expressly warranted to

20

consumers, including Plaintiff, that their U-HAUL services, rentals and materials contained no additional added rates or fees; and Plaintiff saw or observed, and/or read, or may be presumed to have seen or observed, and/or read, said marketing and billing statements alleged above, and reasonably understood, or may be presumed to have reasonably understood, them to be expressing such warranties and representations that the price of such U-HAUL services, rentals and materials would conform to the affirmations and descriptions expressed in said statements and notices prior to their purchases of said materials and services.

87.    The above-described representations and warranties were directed at Plaintiff and formed part of the basis of the bargain in all of the sales transactions between Defendants and Plaintiff; and Plaintiff saw and read said representations and warranties prior to purchasing the UHAUL services, rentals and materials.

88.    In fact, as alleged above, Defendants charged more for each of the U-HAUL services and materials marketed and sold by Defendant U-HAUL and sold by Defendants U-HAUL INTERNATIONAL, U-HAUL MOVING AND STORAGE OF HOWELL, U-HAUL STORAGE OF SAVANNAH, ABC DOES 1-10 and JANE DOEs, than Defendants expressly warranted.    Therefore, the U-HAUL materials, rentals and services failed to conform to the promises or affirmations of fact made on the website or original billing statement, and in the Contract, and Defendant U-HAUL intentionally breached their express warranties in connection with these materials, rentals, and services, pursuant to the N.J. UCC, *N.J.S.A.* 12A:2–101 *et. seq.* *N.J.S.A.* 12A:2-313, and the common law of New Jersey.

89.    Defendant U-HAUL's breach of the express statement, promises, and warranties on the website, Contract, or original of their U-HAUL services and materials was knowing and intentional and the false marketing and representations described above were intended to deceive

Plaintiff into believing that the services and materials contained no additional added rates and fees than each purchase of the services and materials in fact contained; and in fact Plaintiff was deceived, as described more fully above.

90.    Pursuant to *N.J.S.A.* 12A:2–101 *et. seq., N.J.S.A.* 12A:2-314(2)(f), and the common law of New Jersey, Defendants U-HAUL's website, Contract, and/or original billing statement, and display of the UHAUL services, rentals and materials in the course of their business, as alleged above, also constituted *implied warranties* to consumers, including Plaintiff, that the U-HAUL services, rentals and materials purchased by Plaintiff conformed to the promises or affirmations of fact made on the website, in the Contract, and in the original billing statement of said services, rentals and materials that each purchase of the services, rentals and materials contained no more additional rates or fees.

91.    Because, in fact, Defendants charged higher rates and larger fees for each purchase by Plaintiff, the U-HAUL website, Contract, and original billing statement falsely warranted, the prices of the U-HAUL services, rentals and materials failed to conform to the promises or affirmations of fact made on the website, in the Contract, and in the original billing statement, and Defendant U-HAUL intentionally breached their express and implied warranties to Plaintiff in connection with their purchase of said services, rentals and materials, pursuant to *N.J.S.A.* 12A:2–101 *et. seq., N.J.S.A.* 12A:2-314(2)(f), and the common law of New Jersey.

92.    Defendant U-HAUL's breach of the specific terms and implied warranties on the website, in the Contract, and on the original billing statement of their U-HAUL services, rentals and materials was knowing and intentional and was intended to deceive Plaintiff into believing that the prices indicated in or on those sources were accurate and that no additional added rates or fees would be imposed.

93.     As a direct and proximate result of Defendant U-HAUL's breach of the Contract and the express and/or implied warranties in all the sources discussed above, Plaintiff has suffered damages as more fully described above and capable of being calculated with a reasonable degree of certainty, as measured by the additional fees Defendant has required Plaintiff to pay at threat of Defendants refusing to provide the services, rentals and materials in the Contract, which Plaintiff had bargained for in good faith and reliance upon Defendant's false and misleading Contract, billing statements, and oral statements made to Plaintiff.

94.     Accordingly, Defendants are liable to Plaintiff for said damages.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.  For actual damages, including but not limited to the additional fees that Defendants coerced Plaintiff to pay in order to receive the services, rentals, and materials set forth in the Contract and billing statements; and the amount of the attorney's fees and costs reasonably necessary to prosecute the instant action;

b.  For reasonable attorney's fees and costs necessary to prosecute the instant action, including expert fees and disbursements pursuant to all applicable Court Rules, statutes, and case law;

c.  For pre-judgment and post-judgment interest;

d.  For such other and further relief as the Court deems equitable and just, including without limitation, punitive damages.

## COUNT IV
### Intentional Fraud
### (Against Defendants U-HAUL HOWELL and U-HAUL SAVANNAH Only)

95.     Plaintiff repeats and realleges all preceding paragraphs of this Complaint as if set forth at length herein.

23

96.     As described more fully above, Defendants knowingly and intentionally misrepresented to Plaintiff the true costs and fees Defendants intended to charge when contracting with Plaintiff, and intentionally obscured information in the materials and Contract they presented to Defendant for his agreement.

97.     Defendants were aware, at the time they made all such misrepresentations, that they were in fact false, but made the oral and written misrepresentations in an effort to induce Plaintiff to contract for Defendants' services, rentals, and materials.

98.     Plaintiff actually and reasonably believed that Defendants' misrepresentations were true and he relied on said misrepresentations and intentional omissions regarding the prices and fees Defendants intended to charge for their services, rentals, and materials in accepting the Contract or offer prepared by Defendants, and all such misrepresentations, omissions and obfuscations were material to his decision to contract with Defendants.

99.     A reasonable person, under the circumstances faced by Plaintiff as described above, would have believed and relied upon these misrepresentations, obfuscations, and omissions in choosing to contract with Defendants to provide the moving and storage services, rentals, and materials provided for in the Contract, and said misrepresentations, obfuscations, and omissions would have been material to their decision to do so.

100.     The improper conduct of Defendants as described above constitutes intentional fraud.

101.     As a direct and proximate result of Defendants' intentional and fraudulent conduct, Plaintiff was coerced into paying approximately $4,282.20 more than the price he was quoted originally, and which he agreed to pay for all of the services, rentals, and materials provided for in the Contract.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a.     For the sum of approximately $4,282.20 restitution to Plaintiff from Defendants U-HAUL HOWELL and U-HAUL SAVANNAH, and sales tax paid on that amount;

b.     For reasonable attorney's fees and costs, including expert fees, necessary to prosecute the instant action;

c.     For punitive damages;

d.  For pre-judgment and post-judgment interest; and

e.  For such other and further relief as the Court deems equitable and just, including, without limitation, punitive damages.

**HAMMERMAN ROSEN LLP**

By:

*Marvin Hammerman*

Marvin J. Hammerman, Esq.
*Attorney for Plaintiff, on behalf of himself and those similarly situated*

## CERTIFICATION PURSUANT TO R. 4:5-1

The matter in controversy herein is not the subject of any other action pending in any other court or arbitration process or which Plaintiff or his counsel are aware, nor is any other action or arbitration process contemplated. I am unaware of any other party who should be joined in this litigation at this time, or who is subject to joinder. I hereby certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: March 10, 2022

HAMMERMAN ROSEN LLP

By: *Marvin Hammerman*
Marvin J. Hammerman, Esq.
*Attorney for Plaintiff, on behalf of himself and those similarly situated*

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b). I hereby certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: March 10, 2022

HAMMERMAN ROSEN LLP

By: *Marvin Hammerman*
Marvin J. Hammerman, Esq.
*Attorney for Plaintiff, on behalf of himself and those similarly situated*

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Louis S. Raveson, Esq. is hereby designated as trial counsel for the Plaintiff and the putative Class and Subclass in this matter.

Dated: March 10, 2022

HAMMERMAN ROSEN LLP

By: *Marvin Hammerman*

Marvin J. Hammerman, Esq.
*Attorney for Plaintiff, on behalf of himself and those similarly situated*

## JURY DEMAND

Plaintiff, on behalf of himself and those similarly situated, hereby requests trial by jury.

Dated: March 10, 2022

HAMMERMAN ROSEN LLP

By: *Marvin Hammerman*

Marvin J. Hammerman, Esq.
*Attorney for Plaintiff, on behalf of himself and those similarly situated*

## SERVICE UPON THE ATTORNEY GENERAL AND THE
## OCEAN COUNTY OFFICE OF CONSUMER AFFAIRS

As required by N.J.S.A. 56:8-20, service of a copy of the initial complaint in this matter has been made upon the Attorney General of the State of New Jersey and the Ocean County Office of Consumer Affairs via first class United States mail, postage prepaid, addressed to the Office of the Attorney General, Richard J. Hughes Justice Complex, P.O. Box 080, 25 West Market Street, Trenton, New Jersey 08625-0080.

I certify that the foregoing information in this certification is true and correct and if any of such information is willfully false, that I am subject to punishment.

Dated: March 10, 2022

HAMMERMAN ROSEN LLP

By:  *Marvin Hammerman*

Marvin J. Hammerman, Esq.
*Attorney for Plaintiff, on behalf of himself and those similarly situated*

## NOTICE PURSUANT TO R. 1:5-1(a) AND R. 4:18-4(c)

Take notice that, pursuant to Rules 1:5-1(a) and 4:18-4(c), Plaintiff hereby demands that each party named in the instant complaint that serves or receives pleadings of any nature (including discovery requests) to or from any other party to this action, forward copies of same along with any documents provided in answer or response thereto to counsel for Plaintiff, and please take notice that this is a continuing demand.

40

**HAMMERMAN ROSEN LLP**
Marvin J. Hammerman, Esq. [N.J. Attorney ID #065462014]
Louis S. Raveson, Esq. [N.J. Attorney ID #024821976]
585 US 46 West
Fairfield, NJ 07004
Tel. (973) 227-1415
Fax. (201) 781-5682
*Attorneys for Plaintiffs*

| | |
|---|---|
| **MICHAEL FUREY,**<br><br>**on behalf of himself and all others similarly situated,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**U-HAUL INTERNATIONAL; U-HAUL MOVING AND STORAGE OF HOWELL; U-HAUL STORAGE OF SAVANNAH; ABC DOES 1-10 (Fictitious Entities); and JANE DOE,**<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CIVIL PART<br>OCEAN COUNTY<br>DOCKET NO.:<br><br><br>CIVIL ACTION |

## DEMAND FOR INSURANCE INFORMATION

Demand is hereby made for disclosure of any applicable policies of insurance pursuant to R. 4:10-2(b).


HAMMERMAN ROSEN LLP
*Attorneys for Plaintiffs*


By: *Marvin Hammerman*
Marvin J. Hammerman

40

**HAMMERMAN ROSEN LLP**
Marvin J. Hammerman, Esq. [N.J. Attorney ID #065462014]
Louis S. Raveson, Esq. [N.J. Attorney ID #024821976]
585 US 46 West
Fairfield, NJ 07004
Tel. (973) 227-1415
Fax. (201) 781-5682
*Attorneys for Plaintiffs*

| | |
|---|---|
| **MICHAEL FUREY,**<br><br>**on behalf of himself and all others similarly situated,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**U-HAUL INTERNATIONAL; U-HAUL MOVING AND STORAGE OF HOWELL; U-HAUL STORAGE OF SAVANNAH; ABC DOES 1-10 (Fictitious Entities); and JANE DOE,**<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CIVIL PART<br>OCEAN COUNTY<br>DOCKET NO.:<br><br><br>CIVIL ACTION |

## PLAINTIFF'S DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that in accordance with the R. 4:18-1 of the Rules Governing the

Courts of the State of New Jersey, Plaintiff(s) hereby requests that Defendants produce within thirty

(30) days of receipt hereof, copies of the documents described herein.

## DEFINITIONS AND INSTRUCTIONS

1.  These requests are intended to be continuing and you are instructed to make prompt, further and supplemental production whenever an additional document is discovered responsive hereto.

2.  If any document called for by these requests is withheld on the ground that it is privileged, constitutes attorney work product, or is for any other reason exempt from discovery, set forth the ground or grounds for withholding such documents, its present location and custodian and such additional information as may be required to enable it to be identified and to enable the Court to adjudicate the propriety of the withholding, including but not limited to the type of document, its date, author(s), addressee(s), if different its

40

recipient(s), and its general subject matter.

3.   Documents produced in response to these requests shall be produced in such a manner so as to identify the specific request to which they relate.

4.   As used herein, the term "document" means, by way of illustration and not by way of limitation, the following items, whether printed or records or reproduced by any other mechanical process, written produced by hand, produced or stored in a computer, regardless of origin or location: books, records, communications, reports, correspondence, letters, telegrams, memoranda, summaries or records of telephone conversations, summaries of records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, licenses, books of account, orders invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, canceled checks, bank statements, bank passbooks, confirmations, statements of accounts, analysis, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written or printed matter of any kind or any other and all other data compilations from which information can be obtained and translated if necessary.

5.   As used herein, the term, "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

6.   As used herein, any term in the singular shall be deemed to include the plural where appropriate and vice versa.

7.   As used herein, all terms including "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to include the response any document that might be deemed nonresponsive by any other construction.

8.   As used herein, "communication" means any written or verbal communication or other statement from one person to another, including, but not limited to, any letter, interview, conference, meeting or telephone conversation.

## DOCUMENTS TO BE PRODUCED

1.   Any and all contracts between Defendants and Plaintiff.

2.   Any and all written statements, as well as oral statements reduced to writing, of all Plaintiff(s).

3.   Any and all written statements, as well as oral statements reduced to writing, of the Defendants.

4.   Any and all written statements, as well as oral statements reduced to writing, of any and all other parties to this action.

5.   Any and all statements, as well as oral statements reduced to writing, of any/all agents, servants and employees of Defendants, which in any way involve and/or discuss the Plaintiff(s), and/or subject contracts. If you claim these documents are "privileged" you must identify the statement including the date given and the individuals involved who gave and took the statement.

6.   Any and all written statements or oral statements reduced to writing of any/all witnesses to any aspects of the incident complained of, as well as of any aspects of Plaintiff's claims.

7.   Any and all correspondence between Defendant and Plaintiffs.

8.   Copies of all videos, photographs, motion pictures, charts, sketches, illustrations, diagrams and/or pictures relating to the subject matter of this Complaint, as well as any and all aspects of Plaintiffs' claim.

9.   Copies of any and all subpoenas served by or upon Defendants in this matter.

10. Copies of all documents and any other information that relates to the Plaintiffs' claims.

11. Copies of any and all written reports and/or oral reports reduced to writing, which in any way concerns the subject matter of Plaintiffs' Complaint, and/or any/all claims of the Plaintiff, made to/by a police official/department and/or any governmental authority.

12. Any and all photographs, charts, drawings, motion pictures, videos and/or Other media relative to Plaintiff's claims or Defendants' defenses.

13. Copy of the Curriculum Vitae of each proposed expert witness of this Defendants.

14. Any and all correspondence, as well as oral communications reduced to writing, between Defendants and any other party to this action, including Plaintiff.

15. Any and all records, reports, and/or other documents upon which this Defendant will reply upon at the time of trial.

**HAMMERMAN ROSEN LLP**
*Attorneys for Plaintiffs*

By: *Marvin Hammerman*
Marvin J. Hammerman, Esq.

40

# EXHIBIT "A"

# U-HAUL Receipt

**U-Box Shipping**
Sunday, 09/19/2021 9:28 AM

Contract No 81002088
Dispatched From   925072
Safe-Protection:   YES

**Customer Information**
MICHAEL FUREY

**Renting Location**
U-HAUL MOVING & STORAGE OF HOWELL
1429 US 9, HOWELL, NJ 07731
(732) 845-4767

**Destination**
U-HAUL STORAGE OF SAVANNAH"
Call (888) 993-2119 When You Arrive In SAVANNAH, GA
3488 OGEECHEE RD, SAVANNAH, GA
(866) 993-2119

| Equipment | Rate | Safe-Protection | Shipping Charge | Delivery Charge | Total |
|---|---|---|---|---|---|
| AA6244I (Full) U-Box | $99.95 | $0.00 | $662.00 | $0.00 | $761.95 |
| AA9184H (Full) U-Box | $99.95 | $0.00 | $662.00 | $0.00 | $761.95 |
| PO Furniture Pads (188) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| AA2845G (Full) U-Box | $99.95 | $0.00 | $662.00 | $0.00 | $761.95 |
| AA4034A (Full) U-Box | $99.95 | $0.00 | $662.00 | $0.00 | $761.95 |
| AA2242G (Full) U-Box | $99.95 | $0.00 | $662.00 | $0.00 | $761.95 |
| AA6530R (Full) U-Box | $99.95 | $0.00 | $662.00 | $0.00 | $761.95 |

Subtotal: $3,972.00
Rental Tax: $0.00
Total Rental Charges: $3,972.66

| Card Type: | Account: | Type: | Ref No.: | Approved: | Credit Card Payment: | $3,972.66 |
|---|---|---|---|---|---|---|
| Visa | XXXX-XXXX-XXXX-8814 | PAYMENT | | 051730 | Net Paid Today: | $3,972.66 |
| Entry Method: Manual | | Application Label: Visa | | | | |

_____
Customer Signature (MICHAEL FUREY)

**Feedback**

_____
U-Haul Signature ( U-Box Payment Process)

# U-HAUL Receipt

U-Box Truck Delivery Return
Wednesday, 09/08/2021 10:24 AM

Contract No 81002008B
Dispatched From 025072
Safe-Protection YES

Customer Information
MICHAEL FUREY

Renting Location
U-HAUL MOVING & STORAGE OF HOWELL
1429 US 9, HOWELL, NJ 07731
(732) 845-4767

Destination
U-HAUL MOVING & STORAGE OF HOWELL
Call (732) 845-4767 When You Arrive In HOWELL, NJ
1429 US 9, HOWELL, NJ
(732) 845-4767

| Equipment | Rate | Safe-Protection | Shipping Charge | Delivery Charge | Total |
|---|---|---|---|---|---|
| AA22420(Full) U-Box | $99.95 | $0.00 | $0.00 | $0.00 | $99.95 |
| AA2645G(Full) U-Box | $99.95 | $0.00 | $0.00 | $0.00 | $99.95 |
| AA4034A(Full) U-Box | $99.95 | $0.00 | $0.00 | $0.00 | $99.95 |
| AA9184H(Full) U-Box | $99.95 | $0.00 | $0.00 | $0.00 | $99.95 |
| AA6244H(Full) U-Box | $99.95 | $0.00 | $0.00 | $0.00 | $99.95 |
| AA6030R(Full) U-Box | $99.95 | $12.00 | $0.00 | $0.00 | $111.95 |
| PO Furniture Pads (120) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| | |
|---|---|
| Subtotal | $111.95 |
| Rental Tax | $7.42 |
| Total Rental Charges | $119.37 |
| Previous Paid | $851.68 |

| Card Type | Account | Type | Ref No | Approved | Credit Card Payment: | $119.37 |
|---|---|---|---|---|---|---|
| Visa | XXXX-XXXX-XXXX-8814 | PAYMENT | | 03688D | Net Paid Today: | $118.37 |

Entry Method Manual   Application Label Visa   Merchant ID 8034734494

_____
Customer Signature (MICHAEL FUREY)

Feedback

_____
U-Haul Signature (Buddah McGown)



# U-HAUL Receipt

U-Box Truck Delivery Dispatch
Saturday, 08/14/2021 12:37 PM
Return Due Date/Time: Thursday, 08/19/2021 12:00 PM

Contract No: 81022088
Dispatched From:   925072
Safe-Protection:   YES

**Customer Information**

MICHAEL FUREY

**Renting Location**
U-HAUL MOVING & STORAGE OF HOWELL
1429 US 9, HOWELL, NJ 07731
(732) 845-4767

**Destination:**
U-HAUL MOVING & STORAGE OF HOWELL
Call (732) 845-4767 When You Arrive in HOWELL, NJ
1429 US 9, HOWELL, NJ
(732) 845-4767

| Equipment | Rate | Safe-Protection | Shipping Charge | Delivery Charge | Total |
|---|---|---|---|---|---|
| AA2242G U-Box | $99.95 | $12.00 | $0.00 | $0.00 | $111.95 |
| AA2645G U-Box | $99.95 | $12.00 | $0.00 | $0.00 | $111.95 |
| AA4034A U-Box | $99.95 | $12.00 | $0.00 | $0.00 | $111.95 |
| AA9154H U-Box | $99.95 | $12.00 | $0.00 | $0.00 | $111.95 |
| AA6244H U-Box | $99.95 | $12.00 | $0.00 | $0.00 | $111.95 |
| PO Furniture Pads (144) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

|  |  |
|---|---|
| Delivery Charge | $239.00 |
| Subtotal | $798.75 |
| Rental Tax | $52.93 |
| Total Rental Charges | $851.68 |

| Card Type | Account | Type | Ref No.: | Approved: | Credit Card Payment: | $851.68 |
|---|---|---|---|---|---|---|
| Visa | XXXX-XXXX-XXXX-8814 | PAYMENT | 81022058 | 02378D | Net Paid Today: | $851.68 |
| Entry Method: Manual | | Application Label: Visa | | | | |

Feedback

# EXHIBIT "B"

## Marvin Hammerman

| | |
|---|---|
| **From:** | Mike Furey ████████████ |
| **Sent:** | Thursday, March 3, 2022 5:42 PM |
| **To:** | Marvin Hammerman |
| **Subject:** | Fwd: A message from U-Haul Storage of Savannah |

1

Michael Furey

Begin forwarded message:

> **From:** U-Haul Storage of Savannah <noreply@webselfstorage.com>
> **Date:** September 16, 2021 at 1:36:04 AM EDT
> **To:** ████████████
> **Subject: A message from U-Haul Storage of Savannah**

U-Haul Storage of Savannah
3488 Ogeechee Rd
Savannah, GA 31405

**ADDRESS SERVICE REQUESTED**

MICHAEL FUREY


**AUTOPAYMENT**

Date of Payment: 9/16/2021
Next Payment Due Date: 10/15/2021

MICHAEL FUREY

1

Dear MICHAEL FUREY,

Your rental payment for room # AA2242G in the amount of $ $118.95 has been applied to your account .

Thank you for your business.


Wesley Fountain
U-Haul Storage of Savannah
(000) 000-0000

## Marvin Hammerman

**From:** Mike Furey ◄██████████████►
**Sent:** Thursday, March 3, 2022 5:42 PM
**To:** Marvin Hammerman
**Subject:** Fwd: A message from U-Haul Storage of Savannah

2

Michael Furey

Begin forwarded message:

> **From:** U-Haul Storage of Savannah <noreply@webselfstorage.com>
> **Date:** September 16, 2021 at 1:36:11 AM EDT
> **To:** ██████████████
> **Subject: A message from U-Haul Storage of Savannah**

U-Haul Storage of Savannah
3488 Ogeechee Rd
Savannah, GA 31405

**ADDRESS SERVICE REQUESTED**

MICHAEL FUREY
████████████████

**AUTOPAYMENT**

Date of Payment: 9/16/2021
Next Payment Due Date: 10/15/2021

MICHAEL FUREY
████████████████

1

Dear MICHAEL FUREY,

Your rental payment for room # AA9184H in the amount of $ $118.95 has been applied to your account .

Thank you for your business.


Wesley Fountain
U-Haul Storage of Savannah
(000) 000-0000

## Marvin Hammerman

| | |
|---|---|
| **From:** | Mike Furey <█████████████ |
| **Sent:** | Thursday, March 3, 2022 5:42 PM |
| **To:** | Marvin Hammerman |
| **Subject:** | Fwd: A message from U-Haul Storage of Savannah |

3

Michael Furey

Begin forwarded message:

> **From:** U-Haul Storage of Savannah <noreply@webselfstorage.com>
> **Date:** September 16, 2021 at 1:36:33 AM EDT
> **To:** █████████████████
> **Subject:** A message from U-Haul Storage of Savannah

U-Haul Storage of Savannah
3488 Ogeechee Rd
Savannah, GA 31405

**ADDRESS SERVICE REQUESTED**

MICHAEL FUREY
████████████████████

**AUTOPAYMENT**

Date of Payment: 9/16/2021
Next Payment Due Date: 10/15/2021

MICHAEL FUREY
██████████████████

1

Dear MICHAEL FUREY,

Your rental payment for room # AA6244H in the amount of $ $118.95 has been applied to your account .

Thank you for your business.


Wesley Fountain
U-Haul Storage of Savannah
(000) 000-0000

**Marvin Hammerman**

| | |
|---|---|
| **From:** | Mike Furey ███████████ |
| **Sent:** | Thursday, March 3, 2022 5:42 PM |
| **To:** | Marvin Hammerman |
| **Subject:** | Fwd: A message from U-Haul Storage of Savannah |

4

Michael Furey

Begin forwarded message:

> **From:** U-Haul Storage of Savannah <noreply@webselfstorage.com>
> **Date:** September 16, 2021 at 1:36:39 AM EDT
> **To:** ██████████████
> **Subject: A message from U-Haul Storage of Savannah**

U-Haul Storage of Savannah
3488 Ogeechee Rd
Savannah, GA 31405

ADDRESS SERVICE REQUESTED

MICHAEL FUREY
████████████████

AUTOPAYMENT

Date of Payment: 9/16/2021
Next Payment Due Date: 10/15/2021

MICHAEL FUREY
████████████████

1

Dear MICHAEL FUREY,

Your rental payment for room # AA4034A in the amount of $ $118.95 has been applied to your account .

Thank you for your business.


Wesley Fountain
U-Haul Storage of Savannah
(000) 000-0000

2

## Marvin Hammerman

| | |
|---|---|
| **From:** | Mike Furey ███████████████████ |
| **Sent:** | Thursday, March 3, 2022 5:42 PM |
| **To:** | Marvin Hammerman |
| **Subject:** | Fwd: A message from U-Haul Storage of Savannah |

5

Michael Furey

Begin forwarded message:

> **From:** U-Haul Storage of Savannah <noreply@webselfstorage.com>
> **Date:** September 16, 2021 at 1:36:39 AM EDT
> **To:** ███████████████
> **Subject: A message from U-Haul Storage of Savannah**

U-Haul Storage of Savannah
3488 Ogeechee Rd
Savannah, GA 31405

**ADDRESS SERVICE REQUESTED**

MICHAEL FUREY
████████████████

**AUTOPAYMENT**

Date of Payment: 9/16/2021
Next Payment Due Date: 10/15/2021

MICHAEL FUREY
████████████████

1

Dear MICHAEL FUREY,

Your rental payment for room # AA2645G in the amount of $ $118.95 has been applied to your account .

Thank you for your business.


Wesley Fountain
U-Haul Storage of Savannah
(000) 000-0000

## Marvin Hammerman

| | |
|---|---|
| **From:** | Mike Furey - ███████████████ |
| **Sent:** | Thursday, March 3, 2022 5:44 PM |
| **To:** | Marvin Hammerman |
| **Subject:** | Fwd: A message from U-Haul Storage of Savannah |

6

Michael Furey

Begin forwarded message:

> **From:** U-Haul Storage of Savannah <noreply@webselfstorage.com>
> **Date:** November 18, 2021 at 1:31:26 AM EST
> **To:** ███████████████
> **Subject: A message from U-Haul Storage of Savannah**

U-Haul Storage of Savannah
3488 Ogeechee Rd
Savannah, GA 31405

**ADDRESS SERVICE REQUESTED**

MICHAEL FUREY
███████████████

**AUTOPAYMENT**

Date of Payment: 11/18/2021
Next Payment Due Date: 12/18/2021

MICHAEL FUREY
███████████████

1

Dear MICHAEL FUREY,

Your rental payment for room # AA6630R in the amount of $ $118.95 has been applied to your account .

Thank you for your business.


Wesley Fountain
U-Haul Storage of Savannah
(000) 000-0000

# Civil Case Information Statement

## Case Details: OCEAN | Civil Part Docket# L-000538-22

**Case Caption:** FUREY MICHAEL  VS U-HAUL
INTERNATIONAL

**Case Initiation Date:** 03/10/2022

**Attorney Name:** MARVIN J HAMMERMAN

**Firm Name:** HAMMERMAN ROSEN LLP

**Address:** 585 US 46

FAIRFIELD NJ 07004

**Phone:** 9732271415

**Name of Party:** PLAINTIFF : Furey, Michael

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Michael Furey? NO**

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/10/2022
Dated

/s/ MARVIN J HAMMERMAN
Signed

# CT Corporation

**Service of Process Transmittal**
03/15/2022
CT Log Number 541229149

TO: Dave McGee, Operations Manager
U-Haul International, Inc.
2721 N CENTRAL AVE
PHOENIX, AZ 85004-1127

RE: **Process Served in Arizona**

FOR: U-Haul International, Inc.  (Domestic State: NV)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael Furey, on behalf of himself and all others similarly situated vs. U-Haul International<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Class Action Complaint, Certification, Designation, Demand(s), Exhibit(s), Statement |
| **COURT/AGENCY:** | Ocean County, Superior Court Law Division, NJ<br>Case # OCNL53822 |
| **NATURE OF ACTION:** | Plaintiff claims for Violations of the New Jersey Truth-in-Consumer Contract Warranty, and Notice Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/15/2022 at 11:37 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date you received this summons, not counting the date you received it |
| **ATTORNEY(S) / SENDER(S):** | Marvin J. Hammerman<br>Hammerman Rosen LLP<br>585 U.S 46 West<br>Fairfield, NJ 07004<br>(973) 227-1415 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/15/2022, Expected Purge Date: 03/25/2022<br><br>Image SOP<br><br>Email Notification,  Meg Grove  meg_grove@uhaul.com<br><br>Email Notification,  Marsha Evans  marsha_evans@uhaul.com<br><br>Email Notification,  Malinda Sutter - Legal Dept  malinda_sutter@uhaul.com<br><br>Email Notification,  Kenny McElroy  kenny_mcelroy@uhaul.com |

Page 1 of  2 / AN

# CT Corporation

## Service of Process Transmittal
03/15/2022
CT Log Number 541229149

**TO:**    Dave McGee, Operations Manager
U-Haul International, Inc.
2721 N CENTRAL AVE
PHOENIX, AZ 85004-1127

**RE:**    **Process Served in Arizona**

**FOR:**    U-Haul International, Inc.  (Domestic State: NV)

Email Notification,  Shannen Allen  shannen_allen@uhaul.com

Email Notification,  Dave McGee  dave_mcgee@uhaul.com

Email Notification,  Lance Arnott  sopverification@wolterskluwer.com

**REGISTERED AGENT ADDRESS:**    C T Corporation System
3800 N. Central Avenue
Suite 460
Phoenix, AZ 85012

877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                     Tue, Mar 15, 2022

**Server Name:**              Denis Cavar

| Entity Served | U-HAUL INTERNATIONAL, INC. |
|---|---|
| Case Number | OCN L 538 22 |
| Jurisdiction | AZ |



**HAMMERMAN ROSEN LLP**
By: Marvin J. Hammerman. Esq.
[NJ Attorney ID #065462014]
585 U.S 46 West
Fairfield, New Jersey 07004
Tel. (973) 227-1415
Fax. (201) 781-5682
*Attorney for Plaintiffs*

| | |
|---|---|
| **MICHAEL FUREY,**<br><br>**on behalf of himself and all others similarly situated,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**U-HAUL INTERNATIONAL; U-HAUL MOVING AND STORAGE OF HOWELL; U-HAUL STORAGE OF SAVANNAH; ABC DOES 1-10 (Fictitious Entities); and JANE DOE,** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CIVIL PART<br>OCEAN COUNTY<br>DOCKET NO.: OCN-L-538-22<br><br>Civil Action<br><br>**SUMMONS** |

**THE STATE OF NEW JERSEY** to U-HAUL INTERNATIONAL, INC. CORPORATION:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of

the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).

If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf

/s Michelle Smith

DATED: March 11, 2022                                  Clerk of the Superior Court


Name of Defendant to be Served: **U-HAUL INTERNATIONAL, INC. CORPORATION**
c/o CT Corporate System, RA
Address of Defendant to be Served: 3800 N. Central Avenue, Suite 460, Phoenix, AZ 85012

MICHAEL FUREY, ET AL                                    Plaintiff

                                    vs

U-HAUL INTERNATIONAL, ELT AL                            Defendant

20220311123318

Superior Court Of New Jersey

OCEAN Venue

Docket Number: OCN L 538 22

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____

**Person to be served (Name and Address):**
U-HAUL STORAGE OF SAVANNAH
3488 OGEECHEE ROAD
SAVANNAH GA 31405
**By serving:** U-HAUL STORAGE OF SAVANNAH

**Attorney:** MARVIN J. HAMMERMAN, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION, DEMAND, EXHIBITS

**Service Data:** [ ✓ ] Served Successfully       [ ] Not Served

Date/Time: 3/17/22  14U

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**Name of Person Served and relationship/title:**

Bruce Pewne

General Manager

**Description of Person Accepting Service:**

SEX: ____  AGE: 32  HEIGHT: 501  WEIGHT: 145  SKIN: ____  HAIR: Brown  OTHER: ____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on.

Date/Time: _____
Date/Time: _____
Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
Served Data:
Subscribed and Sworn to me this
_____ 17 day of March , 2022
Notary Signature: Shalene Williams

Shalene Williams    1/13/2023
Name of Notary    Commission Expiration

SHALENE WILLIAMS
NOTARY
EXPIRES
GEORGIA
01/13/2023
PUBLIC
CHATHAM COUNTY

**Docusign Court Approved E-Signature**

I, _____
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

DSW 781                                      3/17/2022
Signature of Process Server                  Date

Name of Private Server: _____    Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

MICHAEL FUREY, ET AL

**Plaintiff**

vs

U-HAUL INTERNATIONAL, ELT AL

**Defendant**

20220311123613

Superior Court Of New Jersey

OCEAN Venue

Docket Number: OCN L 538 22

**Person to be served** (Name and Address):
U-HAUL INTERNATIONAL INC. CORPORATION,
3800 N. CENTRAL AVENUE SUITE 460
PHOENIX  AZ  85012
**By serving:** CT CORPORATE SYSTEM, RA

**Attorney:** MARVIN J. HAMMERMAN, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION, DEMAND, EXHIBITS

**Service Data:**    [x] Served Successfully    [ ] Not Served

Date/Time:  3/15/2022                9:51 AM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[x] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

Maria Martinez

Clerk - Authorized to Accept

**Description of Person Accepting Service:**

SEX: F   AGE: 51-55 HEIGHT: 5'7"-6'0"   WEIGHT: _____   SKIN: LATINO   HAIR: BRN   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:      Date/Time: _____
                          Date/Time: _____
                          Date/Time: _____

Other:

Denis Cavar
Notary Public
Maricopa County, Arizona
My Comm. Expires 07-16-23
Commission No. 567895

**To Be Used Where Electronic Signature Not Available**
Served Data:
Subscribed and Sworn to me this
21st day of MARCH, 20 22

Notary Signature: _____
DENIS CAVAR        7-16-23
Name of Notary     Commission Expiration

Use on Court Approved E-Signature

I, Nihad Hidic, MC-8489
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server        3 / 15 /2022
                                    Date

Name of Private Server: Nihad Hidic, MC-8489   Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

MICHAEL FUREY, ET AL

Plaintiff

vs

U-HAUL INTERNATIONAL, ELT AL

Defendant

20220311124322

Superior Court Of New Jersey

OCEAN Venue

Docket Number: OCN L 538 22

**Person to be served** (Name and Address):
U-HAUL MOVING AND STORAGE OF HOWELL
1429 US 9
HOWELL TWP.  NJ  07731
**By serving:** U-HAUL MOVING AND STORAGE OF HOWELL

**Attorney:** MARVIN J. HAMMERMAN, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION, DEMAND, EXHIBITS

### AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____._____

**Service Data:**     [X] Served Successfully          [ ] Not Served

Date/Time:     3/11/2022 2:38 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

MOHAMMAD MAZPAR

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX: M    AGE: 51-65   HEIGHT: 5'9"-6'0"     WEIGHT: 161-200 LBS.     SKIN: BROWN      HAIR: SALTPEP   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:               Date/Time: _____
                                  Date/Time: _____
                                  Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature: _____

_____     _____
  Name of Notary          Commission Expiration

**Docusign Court Approved E-Signature**

I, ANDREW PAWELEK,
was at the time of service a competent adult, over the age of 18 and not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*ANDREW PAWELEK*

_____          03/11/2022
Signature of Process Server        Date

Name of Private Server: ANDREW PAWELEK  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952